IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH SANDERS, SR., *et al.*, | ) | |
| | ) | (WO) |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 2:04-cv-757-F |
| | ) | |
| CITY OF UNION SPRINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| SABRINA KENDRICK, as mother and next friend of decedent, L.C., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:04-cv-758-F |
| | ) | |
| CITY OF UNION SPRINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Leave to Amend Complaint to Substitute Names for Defendant Parties (Doc. # 40) filed in *Sanders, et al. v. City of Union Springs, et al.,* 2:04-cv-757-F and the Motion for Leave to Amend Complaint to Substitute Names for Defendant Parties (Doc. # 29) filed in *Kendrick v. City of Union Springs, et al.,* 2:04-cv-758-F.[1]  Both motions are opposed.  For the reasons set forth in this Memorandum Opinion and Order, the motions are due to be DENIED.

On August 6, 2004, counsel for the plaintiffs in these two related actions filed the

---

[1] By prior order, this Court consolidated these cases for certain pretrial matters.

complaints in this Court. Despite the fact that the Federal Rules of Civil Procedure do not allow the identification of fictitious defendants, these complaints listed a variety of specific and identified defendants and also listed various fictitious defendants.

In October of 2004, the parties submitted their the reports from their planning meetings pursuant to Federal Rule of Civil Procedure 26(f). According to these reports, the deadline proposed for Plaintiffs to amend the pleadings or add parties was January 1, 2005. On October 18, 2004, the Court entered Uniform Scheduling Orders in each of these cases. The Uniform Scheduling Orders set the cases for trial on December 5, 2005. By entering the Uniform Scheduling Order pursuant to Federal Rule of Civil Procedure 16, this Court also specifically set a December 20, 2004 deadline for amending pleadings and adding parties. None of the parties to this action interposed any objection to any part of the Uniform Scheduling Orders. Plaintiffs never filed motions seeking to extend the time for amendments set by the Uniform Scheduling Orders. Accordingly, the time for adding parties to these actions or otherwise amending the complaints expired in December of 2004.

On July 21, 2005, the day before the deadline for the filing of dispositive motions, Plaintiffs filed the motions for leave to amend the complaints in each action. By these motions, Plaintiff seek to "substitute" the names of certain defendants originally identified in the complaints as fictitious defendants. Plaintiffs explain that they did not know the names of these individuals at the time the lawsuit was filed, but that they have learned the names during discovery. Plaintiffs offer no explanation for their failure to seek leave to amend the

complaints earlier.  Defendants oppose the proposed amendments and argue that Plaintiffs failed to show good cause for them.

The Federal Rules of Civil Procedure do not provide for fictitious party practice.  *See* Fed. R. Civ. P. 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties ..."); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.)  For this reason, the fact that Plaintiffs' proposed amendment really is more properly viewed as an attempt to add new parties to these actions rather than as an attempt to substitute parties.  *See, e.g., Rommell v. Automobile Racing Club of Am., Inc.,* 964 F.2d 1090, 1098 n.14 (11th Cir. 1992).  Put another way, the fact that Plaintiffs purport to be amending the complaints merely to substitute a specific individual for the fictitious defendant previously identified in the complaints does not mean that Plaintiffs' proposed amendments are somehow exempt from the application of the deadlines for amending pleadings or adding parties set forth in the Uniform Scheduling Orders.  It is plain that these motions seek to amend pleadings and to add parties.  It is equally plain that the time for such requests has passed.

Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the ones this Court set by entering the Uniform Scheduling Orders in this case, "shall not be modified except upon a showing of *good cause*" and by leave of court.  Fed. R. Civ. P. 16(b) (emphasis added).  This means that in making a motion for leave to amend a pleading after

the deadline set by this Court's scheduling order, Plaintiffs must show good cause exists for their untimely attempt to amend their complaints. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling order is appropriate).

The Court is not satisfied that Plaintiffs have made a showing of good cause for the amendments they seek leave to file. Moreover, had Plaintiffs timely and diligently conducted discovery in these cases, they could have had all the information they needed to amend the complaints prior to the deadline for amendments. Finally, allowing Plaintiffs to amend the complaints to add new parties after the deadline for dispositive motions and only a few months before trial would be prejudicial to Defendants and it would create scheduling problems for the Court which would necessitate unnecessary delays in the resolution of these matters.

Accordingly, it is hereby ORDERED that the Motion for Leave to Amend Complaint to Substitute Names for Defendant Parties (Doc. # 40) filed in *Sanders, et al. v. City of Union Springs, et al.,* 2:04-cv-757-F and the Motion for Leave to Amend Complaint to Substitute Names for Defendant Parties (Doc. # 29) filed in *Kendrick v. City of Union Springs, et al.,* 2:04-cv-758-F are DENIED.

DONE this the 27th day of July, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE